IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JOHN D. WARD,

                Defendant.

Case No. 01-CR-40050-01-DDC

### MEMORANDUM AND ORDER VACATING DOC. 150 AND DENYING PETITIONER'S MOTION UNDER § 2255

Mr. Ward argued in a § 2255 motion that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated the Guideline provision used to impose his sentence. *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and thus violated the notice provision of the Due Process Clause. *Id.* at 2257. Mr. Ward's § 2255 motion sought to apply that ruling to the identically-worded residual clause of U.S.S.G. § 4B1.2—the Guideline that the court used to impose his sentence. Following precedent from the Fourth and Sixth Circuits and the majority of district court cases in our Circuit, the court held that *Johnson* applies retroactively to the Guidelines, and thus invalidated sentences imposed under U.S.S.G. § 4B1.2. Doc. 150 at 6–7. The court thus granted Mr. Ward's § 2255 motion in its February 27, 2017 Memorandum and Order (Doc. 150), and ordered resentencing on March 6, 2017 (*id.* at 12).

But, after the court granted Mr. Ward's § 2255 motion, the Supreme Court held in *Beckles v. United States* that the advisory Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to a vagueness challenge under the Due Process Clause. 137 S. Ct. 886,

892 (2017). The Court explained that the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* So, the court concluded "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895.

*Beckles* differs from this case because, unlike Mr. Ward, the defendant in *Beckles* was sentenced under the advisory Guidelines. Mr. Ward, on the other hand, was sentenced before the Supreme Court decided *United States v. Booker*, making the Guidelines "effectively advisory." 543 U.S. 220, 245 (2005). So, when the court sentenced Mr. Ward, the Guidelines' range was mandatory, not advisory. And, Justice Sotomayor, in a concurring opinion in *Beckles*, recognized that the "distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

Following the Supreme Court's ruling, the court ordered the parties in this case to confer whether *Beckles* requires the court to vacate its Memorandum and Order granting Mr. Ward's Motion under § 2255. Doc. 160. The court ordered the parties to file submissions explaining their respective positions on the effect of the Supreme Court's ruling on Mr. Ward's § 2255 motion. *Id.* The court also vacated the resentencing hearing set for March 30, 2017. Doc. 164. Mr. Ward has submitted supplemental briefing on the issue. Doc. 169. The government has responded. Doc. 172. And, Mr. Ward has submitted a Reply. Doc. 175.

After considering the parties' submissions, the court concludes that Mr. Ward's motion is untimely under § 2255(f)(3). The court thus vacates its Memorandum and Order granting Mr. Ward's § 2255 motion. Doc. 150. And, the court denies his request for § 2255 relief. Doc. 137.

A one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2255. The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). Neither subsection (2) nor (4) apply here, and Mr. Ward's conviction became final almost 14 years ago. So, Mr. Ward's § 2255 motion is untimely unless subsection (3) applies to it. Mr. Ward asserts that his motion relies on the new right recognized in *Johnson* holding that the ACCA's residual clause is unconstitutionally vague. Because Mr. Ward filed his motion within one year of the Supreme Court's decision in *Johnson*, he asserts his § 2255 motion is timely.

The government disagrees. The government asserts that the rule announced in *Johnson* does not apply to Mr. Ward because the court never sentenced him under the ACCA's residual clause. Instead, the court sentenced Mr. Ward under U.S.S.G. § 4B1.2(a)'s residual clause. The government thus contends that the Supreme Court has not recognized the rule that Mr. Ward seeks to raise in his motion—that is, *Johnson* extends to the mandatory Guidelines, including

U.S.S.G. § 4B1.2(a)'s residual clause, making them subject to vagueness challenges under the Due Process Clause. The government asserts that the problem for Mr. Ward is not that he is too late in filing his § 2255 motion, but that his motion is premature.[1]

The Tenth Circuit has not decided whether a motion raising a *Johnson*-based challenge against the mandatory Guidelines' residual clause is properly raised under § 2255(f)(3). But, nearly every court that has answered this question—including three district courts in our Circuit—have dismissed such § 2255(f) motions as untimely. *See*, *e.g.*, *Zamora v. United States*, No. CV 16-695-JCH-GBW, 2017 WL 3054645, at *6 (D.N.M. June 29, 2017) (recommending dismissal of a petitioner's § 2255 motion as untimely because "the Supreme Court has not yet recognized a right to a vagueness challenge of sentencing guideline provisions (in *Johnson* or otherwise)"); *United States v. Torres*, No. 16-645 LH/WPL, 2017 WL 3052974, at *3 (D.N.M. June 20, 2017) (recommending dismissal of a petitioner's § 2255 motion as untimely because "*Johnson* did not address whether sentences imposed under the residual clause of the career offender guideline before *Booker* can be challenged as void for vagueness, and *Beckles* left the issue open," so petitioner was not asserting a right recognized by the Supreme Court and made retroactively applicable to cases on collateral review as § 2255(f)(3) requires); *Ellis v. United States*, No. 2:16-CV-484-DAK, 2017 WL 2345562, at *3 (D. Utah May 30, 2017) (dismissing a § 2255 motion as untimely because "*Johnson* does not apply to [petitioner's] case" and "neither

---

[1] Mr. Ward never argues that the government has waived its right to assert a statute of limitations defense under § 2255(f)(3). The court also concludes that no waiver has occurred here. "[W]aiver is the intentional relinquishment or abandonment of a known right." *Wood v. Milyard*, 566 U.S. 463, __, 132 S. Ct. 1826, 1835 (2012) (citations and internal quotation marks omitted). Although the government's initial response to Mr. Ward's § 2255 motion never asserted that § 2255(f)(3) barred his claim, the government asserts this argument in its supplemental response. See Doc. 172 at 5. The government filed this supplement after the Supreme Court decided *Beckles* and provided support for its § 2255(f)(3) argument that Mr. Ward is not seeking to assert a "newly recognized" right but, instead, an extension of the rights announced in *Johnson*. *See* Doc. 172 at 5, 10–12. Under these facts, the court finds no intentional relinquishment or abandonment of the government's § 2255(f)(3) argument.

the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before *Booker* . . . ."). *See also Davis v. United States*, No. 16-C-747, 2017 WL 3129791, at *6 (E.D. Wis. July 21, 2017) (denying a petitioner's § 2255 motion as untimely because "the Supreme Court has not held that the Guidelines' residual clause is unconstitutionally vague, and [petitioner] cannot assert that this right was 'newly recognized' by the Court in *Johnson*."); *United States v. Beraldo*, No. 3:03-cr-00511-AA, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) (following the "growing consensus [of district court cases] and the Court's decision in *Beckles*" and concluding that "defendant cannot rely on 28 U.S.C. § 2255(f)(3) to make his petition timely" because he asserted "the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline" and that right "has not been recognized by the Supreme Court"); *Hirano v. United States*, No. 16-00686-ACK-KJM, 2017 WL 2661629, *8 (D. Haw. June 20, 2017) (denying a petitioner's § 2255 motion as untimely because "while the Supreme Court may still decide that the Guidelines as they were applied prior to *Booker* are subject to a vagueness challenge based on the Court's analysis in *Johnson*, it has not done so yet" (citation and internal quotation marks omitted)); *United States v. Autrey*, __ F. Supp. 3d __, 2017 WL 2646287, *4 (E.D. Va. June 19, 2017) (denying a § 2255 motion as untimely because "it is clear that *Johnson* did not establish a new 'right' applicable to defendant or the mandatory Guidelines"); *Mitchell v. United States*, No. 3:00-CR-00014, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017) ("Because the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague—and did not do so in *Johnson II*—Petitioner's motion is untimely under § 2255(f)(3)"); *Cottman v. United States*, No. 8:02-CR-397-T-24TBM, 2017 WL 1683661, at *1, 3 (M.D. Fla. May 3, 2017) ("*Johnson*'s void for vagueness holding as to the ACCA's

5

residual clause does not extend to the United States Sentencing Guidelines and the career offender classification" so "§ 2255(f)(3) does not apply to extend the time for filing a § 2255 motion"); *Hodges v. United States*, No. C16-1521JLR, 2017 WL 1652967, at *2–3 (W.D. Wash. May 2, 2017) ("However, [petitioner] seeks to extend, not apply, the rule announced in *Johnson*. Until further pronouncement of the Supreme Court concerning the applicability of *Johnson* to the Guidelines as they were applied prior to *Booker*, [petitioner's] collateral attack on the residual clause in USSG § 4B1.2(a)(2) does not meet the requirements of 28 U.S.C. § 2255(f)(3)"); *United States v. Russo*, No. 8:03CR413, 2017 WL 1533380, at *3 (D. Neb. Apr. 27, 2017) (concluding that "the holding in *Johnson* did not announce a new rule invalidating the residual clause in § 4B1.2(a)(2) of the Guidelines" and so "[d]efendant's § 2255 Motion seeks an extension, not an application, of the rule announced in *Johnson*").

In sum, each one of these courts has concluded that the Supreme Court's holding in *Johnson* did not create a newly-recognized right allowing petitioners to assert vagueness challenges under the Due Process Clause based on the mandatory Guidelines' residual clause. These courts thus denied such challenges as untimely (because they are premature) under § 2255(f)(3). The court finds the reasoning of these cases persuasive, and it adopts their rationale here. Because the Supreme Court has not recognized the right that Mr. Ward seeks to assert— *i.e.*, that his sentence imposed under the mandatory Guidelines violated the Due Process Clause because it was based on an unconstitutionally vague residual clause—the court concludes that § 2255(f)(3) renders his motion untimely.

The court recognizes that its February 27, 2017 Memorandum and Order held that "*Johnson* applies retroactively to invalidate federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)" and that "*Johnson*'s invalidation of the residual clause of U.S.S.G. §

6

4B1.2(a)(2) is a new substantive rule that applies retroactively to cases on collateral review." Doc. 150 at 7, 10. But, the court reached this conclusion before the Supreme Court had decided *Beckles*. And, as one district court has observed, "after *Beckles*, it is doubtful" that the right Mr. Ward asserts here for a sentence imposed under the mandatory Guidelines "is the *same* right recognized in *Johnson*." *Beraldo*, 2017 WL 2888565, at *2. So, now that the Supreme Court has decided *Beckles*, the court revises its earlier ruling to the extent that it conflicts with this decision. The court thus vacates its February 27, 2017 Memorandum and Order granting Mr. Ward's § 2255 motion. Doc. 150. And, the court denies Mr. Ward's § 2255 motion.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability ("COA") only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the court concludes that reasonable jurists could debate whether the court was correct in its ruling. The court thus grants a COA on the issue of whether Mr. Ward's motion falls within the scope of 28 U.S.C. § 2255(f)(3).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Memorandum and Order granting defendant John D. Ward's Motion to Vacate Under § 2255 (Doc. 150) is VACATED.

**IT IS FURTHER ORDERED THAT** defendant John D. Ward's Motion to Vacate Under § 2255 (Doc. 137) is DENIED.

**IT IS SO ORDERED.**

**Dated this 3rd day of August 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**