IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN D. WARD,

    Defendant.

Case No. 01-40050-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on two motions seeking to reduce defendant John D. Ward's current prison sentence. First, Mr. Ward, proceeding pro se, filed a Motion for Sentence Reduction Under the Retroactive Application of the Fair Sentencing Act (Doc. 187). Then, on Mr. Ward's behalf, counsel from the Federal Public Defender for our district filed a Motion for Finding Re: Fed. R. App. P. 12.1 (Doc. 188).[1] These motions work together. That is, Mr. Ward recognizes that his current appeal has divested this court of jurisdiction, but Mr. Ward asks the court to indicate that it would grant the motion to reduce his sentence *if* it had jurisdiction to do so. The court grants Mr. Ward's request—this Order serves as the court's "indication that it would grant the motion." Fed. R. App. P. 12.1(a). As the movant, Mr. Ward must notify the circuit clerk of this Order promptly. *Id.* The court explains its reasoning, below.

---

[1] In the District of Kansas, the Office of the Federal Public Defender may present any motion or application for sentence reduction under Section 404(b) of the First Step Act for any defendant who qualifies for appointed counsel. *See* D. Kan. Standing Order No. 18-4. The court appointed Mr. Ward counsel on June 1, 2001. Appointment of Counsel, *United States v. Ward*, No. 01-40050 (D. Kan. Feb. 15, 2002), ECF No. 5.

**I. Facts**

    **A. Mr. Ward's 2001 Conviction**

On June 5, 2001, the government charged Mr. Ward in a single-count indictment for conspiracy to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. § 846. Doc. 8. A jury convicted Mr. Ward. Based on the quantity of cocaine base, Mr. Ward faced a statutory penalty of between 10 years and life in prison and no less than five years of supervised release. *See* 21 U.S.C. § 841(b)(1)(A).

At sentencing the court calculated Mr. Ward's sentencing guideline range based on his career offender status.[2] The court had considered whether to set the guideline range based on the quantity of drugs attributable to Mr. Ward, which Mr. Ward had objected to in the Presentence Investigation Report ("PSR"). Although the court agreed with the government's position that it could attribute 2.1 kilograms of cocaine base to Mr. Ward, the court declined to rule on this objection. Instead, the court concluded that the drug quantity did "not affect the guideline range in this case because of defendant's status as a career offender." Order at 2, *United States v. Ward*, No. 01-40050 (D. Kan. Feb. 15, 2002), ECF No. 106. Ultimately, the court relied on Mr. Ward's status as a career offender; in its Statement of Reasons, the court set Mr. Ward's total offense level at 37. A 37 coincided with the career offender guidelines, not the drug quantity guidelines. Statement of Reasons at 1, *United States v. Ward*, No. 01-40050 (D. Kan. Feb. 26, 2002); U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2001). And, the court elevated Mr. Ward's criminal history category from III to VI because of his career offender status. Mr. Ward's resulting guideline range was 360 months to life imprisonment. The court sentenced Mr. Ward to 360 months in prison.

---

[2] The court provides detail on the sentencing, in part, because Mr. Ward's motion inaccurately states that Mr. Ward's adjusted offense level was 40. Doc. 188-1 at 6.

Mr. Ward appealed. The Tenth Circuit affirmed his conviction. *United States v. Ward*, 60 F. App'x 716, 717 (10th Cir. 2003). Between 2004 and 2006, Mr. Ward filed, or sought to file, several Motions to Vacate under 28 U.S.C. § 2255. This court and the Tenth Circuit denied each one of his motions. Docs. 126–27, 132.

B.      **Mr. Ward's Current Appeal**

In July 2016, the Tenth Circuit permitted Mr. Ward to file a successive § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. 140. In *Johnson*, the Court found the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague, and thus violative of the Due Process Clause. *Id.*

Mr. Ward had received a sentence enhancement under the career offender guideline. This enhancement applies when a defendant has "two prior qualifying felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). So, Mr. Ward sought to apply *Johnson* to the identically worded residual clause of U.S.S.G. § 4B1.2.

Our court granted Mr. Ward's § 2255 motion in February 2017. Doc. 150. Then, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). *Beckles* held that the advisory guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, were not subject to a vagueness challenge under the Due Process Clause. But, unlike the *Beckles* defendant, the court sentenced Mr. Ward before the Supreme Court decided *United States v. Booker*, which made the Guidelines "effectively advisory." 543 U.S. 220, 245 (2005). In her *Beckles* concurrence, Justice Sotomayor considered it an open question "whether defendants sentenced to terms of imprisonment before [*Booker*]—that is, during the period in which the Guidelines *did* 'fix the permissible range of sentences'—may mount vagueness attacks on their sentences." 137 S. Ct. 886, 903 n.4 (Sotomayor, J., concurring in the judgment) (citations omitted).

3

In light of *Beckles*, our court requested more briefing from the parties. Concluding that the Supreme Court had not recognized Mr. Ward's asserted right—*i.e.*, that his sentence imposed under the mandatory guidelines violated the Due Process Clause because it was based on an unconstitutionally vague residual clause—our court held that § 2255(f)(3) rendered Mr. Ward's motion untimely.[3] The court thus vacated its earlier Memorandum and Order granting Mr. Ward's § 2255 motion and denied his motion. Doc. 176 at 7. But, the court issued Mr. Ward a certificate of appealability. *Id.* And, Mr. Ward timely filed a notice of appeal. Doc. 178.

C. **Mr. Ward's Current Motions**

In January 2019, Mr. Ward filed a Motion for Sentence Reduction Under the Retroactive Application of the Fair Sentencing Act. Doc. 187. Mr. Ward contends he qualifies for a sentence reduction under the First Step Act of 2018. The First Step Act allows defendants convicted of certain offenses involving cocaine base to seek a sentence reduction based on the retroactive application of the Fair Sentencing Act of 2010. The Fair Sentencing Act, in relevant part, increased the quantity of cocaine base necessary to trigger certain statutory penalties.

Counsel from the Office of the Federal Public Defender then filed a Motion for Finding Re: Fed. R. App. P. 12.1 on Mr. Ward's behalf. Doc. 188. Mr. Ward contends that—although his appeal divested this court of jurisdiction—the court should issue an indicative ruling under Fed. R. App. P. 12.1. In short, Mr. Ward asks the court to state it would reduce his sentence if it had jurisdiction.

---

[3] The Tenth Circuit has concluded that for collateral proceedings, "the Supreme Court has not announced a new rule retroactively applicable to the mandatory Guidelines. Nor . . . has the Supreme Court seen fit to take up the issue of *Johnson*'s impact on the mandatory Guidelines." *United States v. Pullen*, 913 F.3d 1270, 1283 n.14 (10th Cir. 2019).

## II. Discussion

The court addresses two issues. First, the court analyzes whether an indicative ruling on Mr. Ward's Motion for Reduced Sentence is appropriate under Fed. R. App. P. 12.1. Finding an indicative ruling proper, the court then considers whether it would grant Mr. Ward's Motion. The court concludes that it would grant Mr. Ward's Motion for the reasons explained, below.

### A. The court lacks jurisdiction over Mr. Ward's motion, but it may issue an indicative ruling under Fed. R. App. P. 12.1

The court lacks jurisdiction over Mr. Ward's motions because Mr. Ward has docketed an appeal in the Tenth Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted); *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014). The court thus cannot enter an order reducing Mr. Ward's sentence while his appeal—collaterally challenging the basis for his sentence—is pending. *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015) ("As we just recently made clear, a district court does not have jurisdiction to enter a sentence modification order under § 3582(c)(2) while an appeal of that sentence is pending." (citing *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015))).

But, federal appellate rules permit the court to issue an indicative ruling. That is, although this court lacks jurisdiction to alter Mr. Ward's sentence while his appeal is pending, Mr. Ward still may file a motion with this court. *See* Fed. R. App. P. 12.1(a). And, if the court finds that it would "grant the motion or that the motion raises a substantial issue," the movant—Mr. Ward—must notify the circuit clerk promptly. *Id.* Then, in its discretion, the Tenth Circuit may remand the case for further proceedings before the district court. Fed. R. App. P. 12.1(b).

The advisory notes to Rule 12.1 contemplate its use "primarily if not exclusively" in three situations: (1) newly discovered evidence motions under Criminal Rule 33(b)(1); (2) reduced sentence motions under Criminal Rule 35(b); and (3) motions under 18 U.S.C. § 3582(c). *See* Fed. R. App. P. 12.1 advisory committee notes to 2009 adoption. Mr. Ward seeks a sentence reduction under 18 U.S.C. § 3582(c), so Rule 12.1 applies here.

### B. If the court had jurisdiction, it would reduce Mr. Ward's sentence under the First Step Act

A federal district court only may modify a defendant's sentence when Congress has expressly authorized it to do so. 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted). Section 3582(c) permits the court to reduce a sentence in limited circumstances. Under 18 U.S.C. § 3582(c)(1)(B),[4] the court may modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute . . . ." Mr. Ward seeks relief under a statute: Section 404 of the First Step Act of 2018, 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018). Section 404 permits the court to apply the Fair Sentencing Act of 2010 retroactively to "covered offenses" committed before August 3, 2010. First Step Act § 404(a). "Covered offenses" means offenses affected by §§ 2 or 3 of the Fair Sentencing Act. *Id.*

The Fair Sentencing Act modified the quantity of cocaine base needed to trigger certain statutory penalties. Relevant to Mr. Ward, § 2 of the Fair Sentencing Act "increased the drug

---

[4]  Defendant appears to assert that 18 U.S.C. § 3582(c)(2) applies. *See* Doc. 187 at 2. This provision applies where the Sentencing Guidelines have been amended. This is not the case here. *See, e.g.*, *United States v. Kamber*, No. 09-CR-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) ("[T]he sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply."). Instead, the court concludes reductions sought under the First Step Act are brought properly under 18 U.S.C. § 3582(c)(1)(B). *See United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (collecting cases).

amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). In short, the First Step Act permits Mr. Ward to seek a reduced sentence based on the retroactive application of the Fair Sentencing Act.

The parties agree that Mr. Ward qualifies for a reduction under the First Step Act. Mr. Ward qualifies because a jury convicted him for a covered offense committed before August 3, 2010. Specifically, a jury convicted Mr. Ward with conspiracy to distribute more than 50 grams of cocaine base (crack cocaine), a violation of 21 U.S.C. § 846. Doc. 70 at 1. Section 2 of the Fair Sentencing Act reduced the penalty under this statute. *See Dorsey*, 567 U.S. at 269. That is, Section 2 of the Fair Sentencing Act increased the cocaine base quantity—from 50 grams to 280 grams—required to trigger mandatory penalties under 21 U.S.C. § 841(b)(1)(A).

So, had the Fair Sentencing Act applied at the time of his conviction, Mr. Ward would have qualified for the mandatory penalties under § 841(b)(1)(B). Those penalties are less than the penalties under § 841(b)(1)(A). The jury convicted Mr. Ward with conspiracy to distribute 50 grams or more of cocaine base, rather than 280 grams. Section 841(b)(1)(A) prescribes a 10 year-to-life statutory sentencing range and supervised release term of at least five years. In contrast, Section 841(b)(1)(B) prescribes a 5-to-40-year statutory sentencing range and a supervised release term of at least four years. Because the jury convicted Mr. Ward with conspiracy to distribute 50 grams of cocaine base—rather than 280 grams—the Fair Sentencing Act would trigger the lower 5-to-40-year sentencing range.

A lower statutory sentencing range, in turn, would reduce Mr. Ward's guideline sentence as a career offender. Mr. Ward qualified as a career offender, and his conviction under

7

§ 841(b)(1)(A) carried a maximum sentence of life in prison. Under the sentencing guidelines, a maximum sentence of life carries an offense level of 37 for career offenders. U.S.S.G. § 4B1.1(b). But, applying the Fair Sentencing Act retroactively, Mr. Ward's conviction would carry a statutory range of 5-to-40 years under § 841(b)(1)(B). An offense with a statutory maximum of 25 years or more—but not life in prison—carries an offense level of 34. U.S.S.G. §4B1.1(b). Under the sentencing guidelines, an offense level of 34 and a criminal history category of VI produce a 262–327 month sentencing range. *See* U.S.S.G. § 5A (sentencing table).

Mr. Ward and the government agree that the court should reduce Mr. Ward's sentence to 262 months. Doc. 188 at 1; Doc. 188-1 at 6. If it had jurisdiction to do so, the court would grant the reduction endorsed by the parties in this case. A 262-month sentence represents the lowest sentence under the new guideline range. And, Mr. Ward's 360-month sentence represents the lowest sentence under his current guideline range. The court thus concludes that a sentence reduction serves the interests of justice under the First Step Act and complies with the purposes of 18 U.S.C. § 3553(a).[5]

**III. Conclusion**

For the reasons explained above, the court grants Motion for Finding Re: Fed. R. App. P. 12.1. Doc. 188. Accordingly, this Order serves as the court's "indication that it would grant the motion." Fed. R. App. P. 12.1(a). The court defers ruling on Mr. Ward's Motion for Sentence Reduction Under the Retroactive Application of the Fair Sentencing Act (Doc. 187) because Mr. Ward's appeal to the Tenth Circuit divests this court of jurisdiction.

---

[5] Mr. Ward argues that a § 3582(c)(1)(B) motion necessitates plenary resentencing. Courts considering that argument have rejected it. *See, e.g.*, *Davis*, 2019 WL 1054554, at *2 (collecting cases). But, the court does not rule on this issue now. Rule 12.1 directs the court to limit its Order to one issue: whether it would grant Mr. Ward's pending motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ward's Motion for Finding Re: Fed. R. App. P. 12.1 (Doc. 188) is granted.

**IT IS FURTHER ORDERED THAT** as the movant, Mr. Ward must notify the circuit clerk of this Order promptly.

**IT IS FURTHER ORDERED THAT** the court defers ruling on Mr. Ward's Motion for Sentence Reduction Under the Retroactive Application of the Fair Sentencing Act (Doc. 187) because Mr. Ward's appeal to the Tenth Circuit divests this court of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 16th day of April, 2019, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**